ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| GOBIERNO MUNICIPAL DE MAYAGÜEZ<br><br>Peticionario<br><br>v.<br><br>ÁNGEL LUIS MONTAZ MERCADO<br><br>Recurrido | TA2025CE00576<br><br><br><br>consolidado con | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala Superior de San Mayagüez<br><br>Caso Núm.:<br>IACI201200744<br><br>Sobre:<br>Cobro de Dinero – Regla 60 |
| GOBIERNO MUNICIPAL DE MAYAGÜEZ<br><br>Peticionario<br><br>v.<br><br>MARIBEL SANTANA MARTÍNEZ<br><br>Recurrida | TA2025CE00577<br><br><br><br>consolidado con | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala Superior de San Mayagüez<br><br>Caso Núm.: IACI201300823<br><br>Sobre:<br>Cobro de Dinero – Regla 60 |
| GOBIERNO MUNICIPAL DE MAYAGÜEZ<br><br>Peticionario<br><br>v.<br><br>MARIO OTERO ROSARIO<br><br>Recurrido | TA2025CE00578<br><br><br><br>consolidado con | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala Superior de San Mayagüez<br><br>Caso Núm.: IAC201300824<br><br>Sobre:<br>Cobro de Dinero – Regla 60 |
| GOBIERNO MUNICIPAL DE MAYAGÜEZ<br><br>Peticionario<br><br>v.<br><br>DAVID VÉLEZ CASTILLO<br><br>Recurrido | TA2025CE00579<br><br><br><br>consolidado con | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala Superior de San Mayagüez<br><br>Caso Núm.: IAC201200745<br><br>Sobre:<br>Cobro de Dinero – Regla 60 |

| | | |
|---|---|---|
| GOBIERNO MUNICIPAL DE MAYAGÜEZ<br><br>Peticionario<br><br>v.<br><br>CARMEN N. PADILLA AYALA<br><br>Recurrida | TA2025CE00580<br><br><br><br>consolidado con | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: IACI201401215<br><br>Sobre: Cobro de Dinero – Regla 60 |
| GOBIERNO MUNICIPAL DE MAYAGÜEZ<br><br>Peticionario<br><br>v.<br><br>FELIX PÉREZ MONTAÑEZ<br><br>Recurrido | TA2025CE00581<br><br><br><br>consolidado con | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: IACI201300824<br><br>Sobre: Cobro de Dinero – Regla 60 |
| GOBIERNO MUNICIPAL DE MAYAGÜEZ<br><br>Peticionario<br><br>v.<br><br>OVERLINDA RAMÍREZ CARABALLO<br><br>Recurrido | TA2025CE00582<br><br><br><br>consolidado con | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: IACI201300822<br><br>Sobre: Cobro de Dinero – Regla 60 |
| GOBIERNO MUNICIPAL DE MAYAGÜEZ<br><br>Peticionario<br><br>v.<br><br>TAMARIS BARBOSA ROSADO<br><br>Recurrida | TA2025CE00583<br><br><br><br>consolidado con | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: IACI201401367<br><br>Sobre: Cobro de Dinero – Regla 60 |
| GOBIERNO MUNICIPAL DE MAYAGÜEZ<br><br>Peticionario<br><br>v.<br><br>RAMÓN ÁLVAREZ RODRÍGUEZ<br><br>Recurrido | TA2025CE00584 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: IACI201401366<br><br>Sobre: Cobro de Dinero – Regla 60 |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de octubre de 2025.

Comparece el Gobierno Municipal de Mayagüez ("Municipio" o "Peticionario") mediante recursos de *certiorari,* clasificados alfanuméricamente como **TA2025CE00576**, **TA2025CE00577**, **TA2025CE00578**, **TA2025CE00579, TA2025CE00580, TA2025CE00581**, **TA2025CE00582**, **TA2025CE00583** y **TA2025CE00584**, y nos solicita que revisemos unas Resoluciones emitidas, respectivamente, el 22 de agosto de 2025, notificadas el 27 del mismo mes y año, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez ("TPI"). En virtud de los referidos dictámenes, el TPI denegó las solicitudes de ejecución de sentencia y las mociones para asumir representación legal instadas por el peticionario en los casos de epígrafe.

Por los fundamentos que anteceden, se expiden los autos de *certiorari* y se modifican los dictámenes recurridos, a los efectos de autorizar la representación legal del Municipio. Así modificados, se *confirman.*

**I.**

Las controversias que nos ocupan surgieron el 14 de agosto de 2025, en etapas post sentencia, cuando el Municipio presentó unas solicitudes de ejecución de sentencia, al amparo de la Regla 51.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 51.1, así como unas mociones para asumir representación legal, en virtud de la Regla 9.2 de Procedimiento Civil, 32 LPRA Ap. V., R. 9.2. En síntesis, mediante las solicitudes de ejecución de sentencia, expuso que, a pesar de los esfuerzos realizados para que los demandados cumplieran con lo ordenado, los mismos habían resultado infructuosos. Así dispuesto, solicitó que el foro de instancia emitiera los correspondientes mandamientos de ejecución.

De manera particular, a través de la *Moción Solicitando Ejecución de Sentencia* instada en el **TA2025CE00576**, el peticionario señaló que, el 27 de agosto de 2012, el TPI dictaminó una *Sentencia,* tras la presentación de una

demanda en cobro de dinero bajo la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V., R. 60 ("Regla 60"), contra Ángel Luis Montaz Mercado ("señor Montaz Mercado"). Expuso que, en virtud de la misma, se le ordenó al señor Montaz Mercado el pago de $3,353.49, más el interés de 4.25% anual.

Mediante la solicitud presentada en el **TA2025CE00577**, el peticionario precisó que, el 29 de octubre de 2019, el TPI dictó una *Sentencia*, tras la presentación de una demanda en cobro de dinero bajo la Regla 60 contra Maribel Santana Martínez ("señora Santana Martínez"). Destacó que, como consecuencia, se le ordenó a la señora Santana Martínez el pago de $5,000.00, más $225.00 en concepto de los intereses vencidos y el interés de 4.25% anual.

Del mismo modo, en virtud de la solicitud radicada en el **TA2025CE00578**, manifestó que, el 13 de agosto de 2013, el TPI emitió una *Sentencia*, tras una reclamación sobre cobro de dinero bajo la Regla 60 contra Mario Otero Rosario ("señor Otero Rosario"). Apuntó que, como resultado, el foro de instancia le ordenó al señor Otero Rosario el pago de la deuda ascendiente a $5,000.00, más $225.00 en concepto de los intereses vencidos y el interés de 4.25% anual.

A su vez, mediante la solicitud instada en el **TA2025CE00579**, especificó que, el 19 de diciembre de 2012, el TPI dictó una *Sentencia*, tras una demanda en cobro de dinero bajo la Regla 60 contra David E. Vélez Castillo ("señor Vélez Castillo"). Como corolario, expuso que el foro de instancia le ordenó al señor Vélez Castillo el pago de $4,688.68.00, más el interés de 4.25% anual. Además, ordenó el pago de $50.00 por concepto de costas y una cantidad ascendente a $300.00 por honorarios de abogado.

A través de la solicitud presentada en el **TA2025CE00580**, señaló que, el 26 de junio de 2015, el TPI dictó una *Sentencia,* luego de una demanda en cobro de dinero bajo la Regla 60 contra Carmen N. Padilla Ayala ("señora Padilla Ayala"). Como resultado, expuso que se le ordenó a la señora Padilla Ayala el pago de $5,000.00, más $19.77 en concepto de los intereses vencidos y el interés de 4.25% anual.

Por otro lado, mediante la solicitud radicada en el **TA2025CE00581**, manifestó que, el 3 de abril de 2014, el TPI dictó una *Sentencia,* tras una demanda en cobro de dinero bajo la Regla 60 contra Félix Pérez Montañez ("señor Pérez Montañez"). Expresó que, en virtud de la misma, se le ordenó al señor Pérez Montañez el pago de $6,017.50.

Asimismo, a través de la solicitud instada en el **TA2025CE00582**, precisó que, el 16 de agosto de 2013, el TPI dictaminó una *Sentencia,* tras una demanda en cobro de dinero bajo la Regla 60 contra Overlinda Ramírez Caraballo ("señora Ramírez Caraballo"). Como resultado, señaló que se le ordenó a la señora Ramírez Caraballo el pago de $7,000.00, más $314.21 en concepto de los intereses vencidos, el interés de 4.25% anual y $700.00, por concepto de honorarios de abogado.

En virtud de la solicitud presentada en el **TA2025CE00583**, expresó que, el 25 de agosto de 2014, el TPI dictó una *Sentencia,* tras una demanda en cobro de dinero bajo la Regla 60 contra Tamaris Barbosa Rosado ("señora Barbosa Rosado"). Señaló que se le ordenó a la señora Barbosa Rosado el pago de $7,774.72, más el interés de 4.25% anual.

Finalmente, a través de la solicitud instada en el **TA2025CE00584**, señaló que, el 15 de agosto de 2014, el TPI dictó una *Sentencia,* tras una demanda en cobro de dinero bajo la Regla 60 contra Ramón Álvarez Rodríguez ("señor Álvarez Rodríguez"). Destacó que se le ordenó al señor Álvarez Rodríguez el pago de $6,000.00, más $80.77 en concepto de los intereses vencidos y el interés de 4.25% anual.

Aquilatadas las solicitudes instadas por el peticionario, el TPI dispuso: "NO HA LUGAR EN AMBAS MOCIONES", mediante órdenes dictadas el 22 de agosto de 2025 y notificadas el 27 de agosto de 2025. En desacuerdo, el 5 de septiembre de 2025, el Municipio solicitó su reconsideración. Atinente a las mociones para asumir representación legal, arguyó que un foro adjudicativo no tiene discreción para denegar una solicitud de tal naturaleza. Por otra parte, con relación a las solicitudes de ejecución de sentencia, sostuvo que no existían impedimentos

para la ejecución de la mismas. Dispuso, además, que las solicitudes fueron presentadas dentro del término prescriptivo aplicable a las causas de acción.

Consecuentemente, el 10 de septiembre de 2025, notificada el 15 de septiembre de 2025, el TPI denegó las solicitudes de reconsideración instadas por el peticionario. Inconforme aún, el 8 de octubre de 2025, el Municipio acudió ante esta Curia mediante los recursos de *certiorari* de epígrafe y realizó los siguientes señalamientos de error:

> **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA MOCIÓN DE ASUMIR REPRESENTACIÓN LEGAL EN LA ETAPA POST-SENTENCIA.**
>
> **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA SOLICITUD DE PERMISO PARA EJECUTAR LA SENTENCIA PASADO EL TÉRMINO DE CINCO (5) AÑOS.**
>
> **EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA ABUSÓ DE SU DISCRECIÓN AL DENEGAR DE PLANO LAS MOCIONES POST-SENTENCIA PRESENTADAS POR EL MUNICIPIO.**

El 9 de octubre de 2025, este Tribunal le concedió a las partes recurridas un término de diez (10) días para expresarse en torno a los recursos. Consecuentemente, el 20 de octubre de 2025, el señor Montaz Mercado presentó su *Contestación a Petición de Certiorari (Prescripción del término para ejecutar sentencia)*, con relación al recurso **TA2025CE00576**. Transcurrido el término otorgado, procedemos a resolver sin el beneficio de la comparecencia de las demás partes recurridas.

## II.

### -A-

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC,* 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del

auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
> B. Si la situación de hechos planteada es la más indicada para analizar el problema.
> C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
> D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.,* 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello,* 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

**-B-**

El procedimiento de ejecución de sentencia se encuentra regulado por la Regla 51 de Procedimiento Civil, *supra.* En lo aquí pertinente, la aludida Regla 51.1 dispone lo siguiente:

**Regla 51.1. Cuándo procede**

La parte a cuyo favor se dicte sentencia podrá ejecutarla mediante el procedimiento fijado en esta Regla 51, en cualquier tiempo dentro de cinco (5) años de ésta ser firme. **Expirado dicho término, la sentencia podrá ejecutarse mediante una autorización del tribunal, a moción de parte y previa notificación a todas las partes.** Si después de registrada la sentencia se suspende su ejecución por una orden o sentencia del tribunal, o por efecto de ley, el tiempo durante el cual ha sido suspendida dicha ejecución deberá excluirse del cómputo de los cinco (5) años durante los cuales podrá expedirse el mandamiento de ejecución.

(Énfasis suplido)

**La autorización del tribunal es de carácter discrecional y depende de la justificación que presente el promovente** de la ejecución para establecer el por qué no se llevó a cabo la misma dentro del plazo de (5) cinco años. (Énfasis

suplido). R. Hernández Colón, *Práctica jurídica de Puerto Rico; derecho procesal civil*, San Juan, 5ta ed., 2010, sec. 6301, pág. 569. Asimismo, el Tribunal Supremo ha manifestado que el promovente tiene que acreditar, con hechos, que la sentencia no ha sido satisfecha y, además, que no existe razón alguna que impida su ejecución. *Banco Terr. y Agríc. De P.R. v. Marcial*, 44 DPR 129, 132 (1932), según citado en J. A. Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, 1ra. Ed. Rev., Colombia, 2012, pág. 299.

-C-

La Regla 9.2 de Procedimiento Civil, 32 LPRA Ap. V., R. 9.2, establece el procedimiento que debe seguir un abogado para asumir o renunciar a la representación legal de una parte en un pleito. Al momento de asumir la representación legal, el abogado deberá presentar una moción o solicitud a esos efectos, en la cual tendrá que incluir: (1) su número de abogado ante el Tribunal Supremo; (2) número de teléfono; (3) número de fax, si aplicara; (4) dirección postal; y (5) dirección electrónica. *Íd.* Al respecto, nuestro Alto Foro ha explicado lo siguiente:

> En aras de salvaguardar el derecho que posee una parte de contratar al abogado (o a los abogados) que considere conveniente —**salvo que el tribunal conozca circunstancias extraordinarias que impidan que un letrado comparezca a nombre de un cliente**— resolvemos que **un foro adjudicativo no posee discreción judicial para sin más denegar una moción para asumir la representación legal.** En atención a que esta solicitud realmente constituye un aviso a la corte y a las partes del pleito de que un nuevo abogado se apresta a comparecer a nombre de una parte, el tribunal podrá extender un término a la parte contraria para que se exprese en torno a la nueva comparecencia profesional o —en caso de que conste otro abogado que figure por la parte— unir al nuevo letrado a la representación legal existente. *Simons y otros v. Leaf Petroleum Corp.*, 209 DPR 216, 220 (2022).
>
> (Énfasis y subrayado suplido)

En otras palabras, como norma general, si el abogado cumplió con los requisitos de la Regla 9.2 de Procedimiento Civil, *supra,* es decir, proveyó la información de contacto necesaria, el tribunal no tendrá discreción para denegar su moción para asumir la representación legal. *Íd.*

**III.**

En los recursos que nos ocupan, el peticionario aduce que el TPI incidió al no autorizar sus mociones para asumir la representación legal. Según hemos reseñado, si el abogado presentó una solicitud, en cumplimiento con la Regla 9.2 de Procedimiento Civil, *supra*, el tribunal no tendrá discreción para denegar su solicitud.

Examinadas las mociones para asumir representación legal presentadas por el Municipio, colegimos que las mismas cumplen con los requisitos esbozados. El hecho de que hayan sido presentadas en una etapa *post sentencia* no incide sobre la normativa antes expuesta. Por tanto, resulta forzoso concluir que el foro de instancia erró al no autorizar que los abogados del Municipio asumieran su representación legal.

Por otra parte, el Municipio sostiene que el TPI incidió al denegar sus solicitudes de ejecución de sentencia. De manera particular, alegan que cumplió con los criterios exigidos por la Regla 51.1 de Procedimiento Civil, *supra*.

Conforme surge de la discusión que antecede, la autorización para ejecutar la sentencia, transcurridos cinco (5) años desde que la misma advino final y firme, es discrecional del tribunal. A su vez, como requisito para expedir tal autorización, el promovente deberá justificar la dilación en el procedimiento de ejecución, lo cual no ocurrió en el caso de epígrafe.

Tras un examen sosegado de las solicitudes de ejecución de sentencia, constatamos que el Municipio no presentó una causa justificada para su dilación, conforme exige la Regla 51.1 de Procedimiento Civil, *supra*.

Mediante las solicitudes correspondientes a los recursos clasificados alfanuméricamente como **TA2025CE00576**, **TA2025CE00582**, **TA2025CE00583** y **TA2025CE00584**, el peticionario expuso que los mandamientos sobre ejecución de sentencia nunca fueron diligenciados. De manera respectiva, surge del expediente que los mandamientos fueron ordenados en las siguientes fechas: (1) 9 de diciembre de 2016; (2) 16 de diciembre de 2015; (3) 24 de febrero de 2022; y (4) 14 de julio de 2015. No obstante, el Municipio esperó entre tres (3) a diez (10) años, luego de que los

mandamientos fueron expedidos y no diligenciados para solicitar la ejecución de las sentencias. Más aun, el peticionario no justificó las razones por las cuales no había solicitado su ejecución anteriormente.

En cambio, mediante los recursos clasificados alfanuméricamente como **TA2025CE00577**, **TA2025CE00578**, **TA2025CE00579**, **TA2025CE00580**, **TA2025CE00581**, el peticionario no presentó justificación alguna para la dilación.

Recordemos que, nos encontramos ante sentencias que advinieron finales y firmes entre los años 2012 a 2015. Transcurridos más de cinco (5) años desde que la sentencia advino final y firme, autorizar o denegar una solicitud al amparo de la Regla 51.1 de Procedimiento Civil, *supra*, recae sobre la sana discreción del foro de instancia. Al tomar en consideración que el Municipio no presentó las razones por las cuales la ejecución no se llevó a cabo dentro del plazo de cinco (5) años, no intervendremos con la discreción del TPI.

**IV.**

Por los fundamentos que anteceden, se expiden los autos de *certiorari* y se modifican los dictámenes recurridos, a los efectos de autorizar la representación legal del Municipio. Así modificados, se *confirman*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones